IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

THOMAS SPIRAL TALBERT,

    Plaintiff,

V.                                                  CIVIL ACTION NO. 3:06-0651

LARRY PARSONS, Administrator
of the Western Regional Jail, et al.,

    Defendants.

**FINDINGS AND RECOMMENDATION**

        Thomas Spiral Talbert has filed a lengthy, detailed and somewhat abstruse complaint in which he seeks monetary damages from nine defendants. His complaint arises out of his arrest for, inter alia, driving under the influence and includes claims against the arresting officer, the magistrate, his court-appointed lawyers, the prosecutor, the administrator of the Western Regional Jail and Cabell County Commissioners. By separate order, the Court is attempting to clarify the basis for plaintiff's claims against the Administrator of the Western Regional Jail, Larry Parsons; however, it is apparent that plaintiff has failed to state viable claims against the remaining defendants.

        As described in his complaint, on September 10, 2005, in the early evening hours, Chastity Daugherty called 911 and reported that plaintiff, driving a gray Ford truck, had hit several cars. When a police officer arrived on the scene, she informed him that she had "witnessed the guy hit the SUV." Daugherty's boyfriend, Arthur West, advised the officer that he had seen plaintiff "hit

his friend's car." West and Daugherty further informed the officer that they stopped the plaintiff and "took keys" from him when he "struck the SUV." The owner of the SUV, James Hickey, told the police that "a drunk driver hit his car a few times." After locating plaintiff about "20 feet from the truck with no keys," Officer Joe Combs took him to the police station and questioned him about "who was driving." Plaintiff, however, "was so intoxicated that [he] couldn't recall "[his] own name much less than anyone else's." Ultimately, plaintiff was charged with "DUI III and SRL III" and was incarcerated when he was unable to make bond. Gerald Henderson and Kevin Lawson were appointed to represent him and in subsequent criminal proceedings the state was represented by Jara Devita. Plaintiff states that "[a]t the end of trial one of two things happened. A. The jury found me not guilty of third offense driving under the influence or B. A verdict form was not introduced to the jury." Based on the preceding and further descriptions of events in the complaint, claims and parties which the Court believes should be dismissed are as follows:

      Plaintiff asserts that "with the evidence that was provided" "probable cause could not have been determined" by Officer Combs at the time of his arrest. It is, however, apparent from plaintiff's complaint that the information provided by Daugherty, West and Hickey and plaintiff's state of intoxication established probable cause for his arrest. Plaintiff also asserts that Officer Combs "testified against plaintiff based on same erroneous information;" however, police officers, as other witnesses, have absolute immunity from civil liability based on testimony given in judicial proceedings. Briscoe v. LaHue, 460 U.S. 325, 344-46 (1983). Inasmuch as neither court-appointed attorneys[1] nor public defenders[2] act "under color of law," plaintiff fails to state a claim under §1983

---

[1] See, Hall v. Quillen, 631 F.2d 1154 (4th Cir. 1980).

[2] See, Polk County v. Dodson, 454 U.S. 312 (1981).

2

against his attorneys, Lawson and Henderson, and there is no other apparent basis for asserting these claims in the complaint. Plaintiff's claims against Alvie Qualls are clearly for "acts committed in [his] judicial jurisdiction"[3] and his claims against Jara Devita are for conduct "in initiating a prosecution and in presenting the state's case," conduct which was "intimately associated with the judicial phase of the criminal process."[4] These officials, accordingly, have absolute immunity from liability for damages. Finally, plaintiff clearly fails to state a claim against Commissioners Bailey, Cartmill and Bias. He alleges only that they "took part in aiding cruel and unusual punishment ... by permitting the funds to officials in their pursuit against petitioner which violated his rights under the U.S. Constitution." No basis for supervisory[5] or municipal liability[6] is found in these allegations.

---

[3] Pierson v. Ray, 386 U.S. 547, 553-54 (1967).

[4] Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976).

[5] See, Slaken v. Porter, 737 F.2d 368, 372-73 (4th Cir. 1984); Shaw v. Stroud, 13 F.3d 791, 798-99 (4th Cir. 1994).

[6] See, Jordan by Jordan v. Jackson, 15 F.3d 333, 338 (4th Cir. 1994); Spell v. McDaniel, 824 F.2d 1380, 1385 (4th Cir. 1987).

**RECOMMENDATION**

On the basis of the foregoing, it is **RESPECTFULLY RECOMMENDED** that the complaint be dismissed insofar as it names the defendants Combs, Qualls, Devita, Lawson, Henderson, Bailey, Cartmill and Bias.

Plaintiff is hereby notified that a copy of these Findings and Recommendation will be submitted to the Honorable Robert C. Chambers, United States District Judge, and that, in accordance with the provisions of Rule 72(b), Fed.R.Civ.P., the parties may, within thirteen days from the date of filing of these Findings and Recommendation, serve and file written objections with the Clerk of this Court identifying the portions of the Findings and Recommendation to which objection is made and the basis for such objection.  The Judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made in accordance with the provisions of 28 U.S.C. §636(b) and plaintiff is advised that failure to file timely objections will result in a waiver of his right to appeal from a judgment of the district court based on such Findings and Recommendation.  Copies of objections shall be served on all parties with copies of the same to Judge Chambers and this Magistrate Judge.

The Clerk is directed to file these Findings and Recommendation and mail a copy of the same to plaintiff.

DATED: May 24, 2007

_/s/ Maurice G. Taylor, Jr._
MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE