IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

THOMAS SPIRAL TALBERT,

          Plaintiff,

v.                                CIVIL ACTION NO. 3:06-0651

LARRY PARSONS, Administrator
of the Western Regional Jail, et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

      This action was referred to the Honorable Maurice G. Taylor, Jr., United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge has submitted findings of fact and has recommended dismissal of the claims against Defendants Combs, Qualls, Devita, Lawson, Henderson, Bailey, Cartmill and Bias. Magistrate Judge Taylor has requested further briefing to determine the basis of the claims against Larry Parsons, Administrator of the Western Regional Jail, and therefore has not yet filed his recommendation. The Court **ADOPTS** Magistrate Judge Taylor's recommendation and **DISMISSES** the claims against Defendants Combs, Qualls, Devita, Lawson, Henderson, Bailey, Cartmill and Bias.

*Background*

      Criminal charges were brought against Plaintiff arising from an incident on September 10, 2005, when Chastity Daugherty called 911 to report Plaintiff driving a truck that hit several cars. When the police arrived on the scene she stated she witnessed "the guy hit the SUV." Her

boyfriend, Arthur West, stated he saw Plaintiff "hit his friend's car."  Plaintiff was found 20 feet from the truck, with no keys.  Plaintiff was extremely intoxicated, and when brought to the station for questioning by Officer Combs, he could not remember his name.  Ultimately Plaintiff was charged with driving under the influence third offense ("DUI III") and "driving on a suspended revoked license" ("SRL III") and incarcerated when he was unable to make bond. Gerald Henderson and Kevin Lawson were appointed to represent Plaintiff.  They apparently advised Plaintiff to take a plea, which he rejected. Plaintiff alleges the attorneys did not research the case, failed to present the strongest evidence as requested by Plaintiff, and allowed evidence to be introduced that was not produced during discovery and was without notice.

It is unclear what the outcome of the trial was based on Plaintiff's Complaint and Objections in fact, Plaintiff appears confused at the outcome.  Plaintiff states he was put on trial on April 13, 2006 for DUI III, and that there was no guilty verdict rendered.  Plaintiff states the jury either found him not guilty of the DUI III or a verdict form was not introduced.  On April 26, 2006 prosecutor Devita pursued a charge of recidivism. Plaintiff seeks monetary damages under § 1983 against the police officer, his attorneys, the prosecutor, the Cabell Country Magistrate, the Commissioners and Larry Parsons, Administrator of the Western Regional Jail.  Also pending is a writ of mandamus in state court demanding release and access to his criminal files.

### *Discussion[1]*

Initially, Plaintiff has argued that probable cause could not have been established by Officer Combs, and therefore Plaintiff is entitled to damages from the unconstitutional arrest.  Magistrate

---

[1]Plaintiff objected to the Magistrate Judge's findings and recommendation therefore the Court will complete a *de novo* review. *See Fed. R. Civ. P.* 72(b).

Judge Taylor found that probable cause was established by information provided by the witnesses, and Plaintiff's intoxication. Plaintiff objected by arguing that the witnesses were not reliable. The Fourth Circuit has explained that "[a]n officer has probable cause for arrest when, at the time the arrest occurs, the facts and circumstances within the officer's knowledge would warrant the belief of a prudent person that the arrestee had committed or was committing an offense." *United States v. Manbeck*, 744 F.2d 360, 376 (4th Cir. 1984). This Court agrees Officer Combs had probable cause to arrest Plaintiff under these facts and circumstances.

Magistrate Judge Taylor found that the claims against the individual defendants were barred from suit because they were not acting under the color of law or were immune from liability under § 1983. Under 42 U.S.C. § 1983 any person, acting under the color of law, who violates another's "rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law." 42 U.S.C. § 1983. This cause of action requires the Court to determine whether a person is acting under the color of law and what rights have been violated. Central to finding that § 1983 is applicable is the determination of whether there was state action. *Hall v. Quillen*, 631 F.2d 1154, 1155 (4th Cir. 1980) (finding that an "essential preliminary condition to § 1983 jurisdiction, and a failure to find state action disposes of such an action adversely to the plaintiff."); *Polk County v. Dodson*, 454 U.S. 312, 315 (1981)("act[ing] 'under color of state law,' [is] a jurisdictional requisite for a § 1983 action").

As Magistrate Judge Taylor explained, Plaintiff's attorneys, either as court appointed attorneys or public defenders, do not act under "the color of law" since there was no state action. *Hall*, 631 F.2d at 1156 (finding no state action for court appointed attorneys); *Dodson*, 454 U.S. at 317 (holding "that a public defender does not act under color of state law when performing the

traditional functions of counsel to a criminal defendant"). Although Plaintiff objects to this finding and argues that his attorneys were appointed and acting as officers of the court bound by the rules and regulations of West Virginia and bound to protect his constitutional rights, the Supreme Court has addressed the relationship between the state and the appointed counsel, and characterized the defense attorney's role as "the State's adversary." *Dodson*, 454 U.S. at 322. Therefore, the claims against Defendants Kevin Lawson and Gerald Henderson, as public defenders, are dismissed for failure to state a claim.

Magistrate Judge Taylor also addressed the issue of immunity from liability under § 1983. Plaintiff argues that there can be no immunity under § 1983. This is not the case. Plaintiff asserts claims against Officer Combs for testifying based on erroneous information. However, the Supreme Court has ruled that police officers are immune from liability under § 1983 when testifying in Court. *Briscoe v. Lahue*, 460 U.S. 325, 326, 343 (1983) ("Subjecting government officials, such as police officers, to damages liability under § 1983 for their testimony might undermine not only their contribution to the judicial process but also the effective performance of their other public duties."). It is clear that Plaintiff's objection to any immunity under § 1983 is inaccurate. The claims against Officer Combs for his testimony are therefore dismissed.

Immunity would also bar Plaintiff's claims against Magistrate Alvie Qualls and prosecutor Jara Devita. The Supreme Court has held that activities that are "intimately associated with the judicial phase of the criminal process" are protected as "functions to which the reasons for absolute immunity apply with full force." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Magistrate Qualls' determination of probable cause is an activity "intimately associated with the judicial phase of the criminal process" and would be protected with immunity. *Id.*; *Pierson v. Ray*, 386 U.S. 547, 555

(1967) (explaining that the common law immunity to judges was not abolished by § 1983). Plaintiff argues that Magistrate Qualls exceeded his jurisdiction when he acted as the investigator and enhanced charges against Plaintiff without adequate information. There is no evidence that the Magistrate acted out of the jurisdiction of his position. The claims against Magistrate Qualls are dismissed from this action.

A prosecutor is given immunity for prosecution of cases under the same doctrine of immunity for activities associated with the judicial process. *Imbler*, 424 U.S. at 431 (1976) (holding that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983"); *Nivens v. Gilchrist*, 444 F.3d 237, 250 (4th Cir. 2006). Further, any claim to malicious prosecution must first "necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement." *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). Plaintiff's challenge to the validity of his conviction has not been addressed in State court. Jara Devita was acting as a prosecutor and she is immune from liability for her actions of charging Plaintiff and prosecuting the case. The claims against Jara Devita are dismissed.

Lastly, Magistrate Judge Taylor found Plaintiff failed to state a claim against Commissioners Bailey, Cartmill and Bias. Plaintiff alleges they "took part in aiding cruel and unusual punishment. . . by permitting the funds to officials in their pursuit against petitioner which violated his rights under the U.S. Constitution." In his Objections, Plaintiff explained that the Commissioners should be held liable for the actions of Defendants Qualls, Devita, Lawson and Henderson as employers. Plaintiff also explained that the Commissioners should be held liable for permitting "the funds to detain Plaintiff in Jail after no Jury convicted him." Magistrate Judge Taylor found that there was no basis for supervisory or municipal liability in the allegations. *Slakan v. Porter*, 737 F.2d 368, 373

(4th Cir. 1984) (explaining liability is not based on *respondeat superior* and that Plaintiff bares a "heavy burden of proof in supervisory liability cases. He not only must demonstrate that the [plaintiffs] face a pervasive and unreasonable risk of harm from some specified source, but he must show that the supervisor's corrective inaction amounts to deliberate indifference or 'tacit authorization of the offensive [practices]'."); *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (detailing the elements necessary to satisfy the burden for supervisory liability); *Jordan by Jordan v. Jackson*, 15 F.3d 333, 337-38 (4th Cir. 1994) (explaining municipal liability addresses "constitutional violations committed by their employees where the municipality is itself responsible for causing the constitutional deprivation." The plaintiff must show "the existence of an official policy or custom that is fairly attributable to the municipality and that proximately caused the deprivation of their rights."). The Court agrees that Plaintiff has failed to state a claim against the Commissioners. The claims against Commissioners Bailey, Cartmill and Bias are dismissed.

The only outstanding claims are against Defendant Larry Parsons, Administrator of the Western Regional Jail and those claims are not addressed in Magistrate Judge Taylor's findings and recommendation.

*Conclusion*

For the aforementioned reasons, Magistrate Judge Taylor's findings and recommendation is **ADOPTED**. The claims against Defendants Combs, Qualls, Devita, Lawson, Henderson, Bailey, Cartmill and Bias are **DISMISSED**. The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

        ENTER:      June 26, 2007

        ROBERT C. CHAMBERS
        UNITED STATES DISTRICT JUDGE