IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

THOMAS SPIRAL TALBERT,

      Plaintiff,

V.                                          CIVIL ACTION NO. 3:06-0651

LARRY PARSONS,

      Defendant.

**FINDINGS AND RECOMMENDATION**

Thomas Spiral Talbert filed a complaint which, following dismissal of all other defendants, remains pending against the Administrator of the Western Regional Jail, Larry Parsons. With respect to this defendant, plaintiff appeared to allege that he continued plaintiff's confinement at the jail following his acquittal on the charges for which he was being held. Because the complaint was difficult to understand, plaintiff was ordered to supplement his complaint setting forth the basis of his claim against the defendant Parsons. Plaintiff filed a "Supplement." The case is presently pending before the Court on plaintiff's application and affidavit seeking leave to proceed in forma pauperis under the provisions of 28 U.S.C. § 1915.

Examination of the application and affidavit establishes that plaintiff is indigent and entitled to proceed herein without prepayment of fees. As a consequence of the fact that plaintiff proceeds in forma pauperis, and in accordance with the requirements of 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss the case if it determines that the action is "frivolous or malicious" or the

complaint "fails to state a claim on which relief may be granted." Examination of the complaint satisfies the Court that dismissal is required under these criteria.

In his "Supplement" plaintiff states that he "was put on trial for driving under the influence, third offense, and at the conclusion of trial no guilty verdict was rendered yet plaintiff was taken back to jail where Larry Parsons is administrator and subjected to the rules and procedures of the jail." It may be that plaintiff is contending that "no guilty verdict" of a third offense DUI was returned by the jury. In any event, other documents submitted by plaintiff subsequent to the filing of his complaint clearly indicate that he had been convicted in the Circuit Court of Cabell County of driving under the influence at the time he filed the complaint, and the docket sheet maintained in the circuit court further indicates that thereafter, apparently following a trial on recidivist charges, he was sentenced to life imprisonment, with mercy. To the extent that plaintiff's complaint, as supplemented, is intelligible, it is apparent that, when viewed in the context of his other filings and state court records, his claim is frivolous as that term has been defined by the court in <u>Neitzke</u> v. <u>Williams</u>, 490 U.S. 319, 327-28 (1989). Under such circumstances, dismissal of the complaint is required.

## **RECOMMENDATION**

On the basis of the foregoing, it is **RESPECTFULLY RECOMMENDED** that plaintiff's application to proceed in forma pauperis be granted and that his complaint and this action be dismissed.

Plaintiff is hereby notified that a copy of these Findings and Recommendation will be submitted to the Honorable Robert C. Chambers, United States District Judge, and that, in accordance with the provisions of Rule 72(b), Federal Rules of Civil Procedure, he may, within

thirteen days from the date of filing these Findings and Recommendation, serve and file written objections with the Clerk of the Court identifying the portions of the Findings and Recommendation to which objection is made and the basis for such objection. The judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made in accordance with the provisions of 28 U.S.C. § 636(b) and plaintiff is advised that failure to file timely objections will result in a waiver of his right to appeal from a judgment of the district court based on such Findings and Recommendation.

    The Clerk is directed to file these Findings and Recommendation and mail a copy of the same to plaintiff.

DATED: October 2, 2009

*/s/ Maurice G. Taylor, Jr.*
MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE